ROBERT D. DARE, CLAIMANT-APPELLANT, v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY 'AND THERMOSEAL GLASS CORP., RESPONDENTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 15, 1978—Decided June 14, 1978.

Before Judges ALLCORN, HORN and FURMAN.

*Camden Regional Legal Services, Inc.,* attorney for appellant (*Mr. Herbert O. Brock, Jr.* on the brief).

*Mr. John J. Degnan,* Attorney General, attorney for respondent Board of Review (*Mr. William F. Hyland,* former Attorney General; *Mr. Michael S. Bokar,* Deputy Attorney General of counsel; *Mr. Michael L. Diller,* Deputy Attorney General; on the brief).

No brief was filed on behalf of respondent Thermoseal Glass Corp.

The opinion of the court was delivered by

ALLCORN, P. J. A. D. The Appeal Tribunal, after hearing, determined that the claimant was disqualified for benefits and, on April 6, 1977, mailed him notification thereof, together with a transmittal form expressly stating that the decision would become final unless an appeal was filed with the Board of Review within ten days after the date of mailing. Claimant did not appeal until April 25, 1977. The Board of Review thereafter dismissed the appeal as out of time. *N. J. S. A.* 43:21–6(c).

On this appeal, it is asserted by affidavit that claimant was mentally incompetent from April 1, 1977 to at least September 6, 1977; that on April 1, 1977 he was admitted to Ancora Psychiatric Hospital, where he remained until April 13, 1977; that since April 13, 1977, he "has been

under the care of a doctor of psychiatry"; that claimant was an in-patient at Camden County Psychiatric Hospital from July 12 to August 8, 1977; and that on August 16, 1977 claimant was admitted to the Psychiatric Unit of Our Lady of Lourdes Hospital, Camden, where he still remained on September 6, 1977 and where he was then undergoing shock-therapy.

In these circumstances and in light of such a showing it is our view that claimant is entitled to be heard on the question of his mental incompetency during the critical ten-day appeal period and, if such condition is found to have existed, the duration thereof. The phrase "mental incompetency" is here used in the context of whether claimant was so mentally deranged that he was unable to comprehend his right to appeal and the time within which his appeal was required to be filed. See, generally, *N. J. S. A.* 2A:14–21; *Kyle v. Green Acres at Verona, Inc.*, 44 *N. J.* 100, 113 (1965); 3 *Larson, The Law of Workmen's Compensation* (1976 ed.), § 78.46. If, on such hearing, claimant does establish by a preponderance of the credible evidence, that he was or became mentally incompetent during the ten-day appeal time after April 6, 1977, that portion of the period commencing with the onset of his incompetency (or commencing with April 6, 1977, if the onset antedated April 6, 1977) and terminating with his return to competency or April 25, 1977 (whichever first occurred), should be tolled and not counted in computing the "10 days after the date of * * * mailing" of the Appeals tribunal decision, in the determination of whether the appeal to the Board of Review was timely filed. *N. J. S. A.* 43:21–6(c).

Should the Board of Review find and conclude on such hearing that the notice of appeal was timely filed, it should then hear and determine the appeal on its merits.

Accordingly, the determination of the Board of Review dismissing the appeal is reversed, and the cause is remanded

to the Board of Review for further proceedings consistent with this opinion. No costs.

We do not retain jurisdiction.